IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JAMES HAROLD PIRTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 308-028 |
| | ) |
| MS. SPIRM, PAT ETHREDGE, FRED | ) |
| BURNETTE, and SHEVONDAH FIELDS, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Spalding County C.I. in Griffin, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at Telfair State Prison ("TSP") in Helena, Georgia.

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However,

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants at TSP: (1) Ms. Spirm, (2) Pat Ethredge, (3) Fred Burnette, and (4) Shevondah Fields. (Doc. no. 1, p. 1). Plaintiff contends that these Defendants violated his rights by opening one envelope that purportedly contained legal mail, and by not properly handling his grievances regarding this incident. (Id. at 4-6).

According to Plaintiff, on November 14, 2007, at the "regular mail call" he received an unsealed envelope containing legal mail. (Id. at 4). Plaintiff provides that when he questioned the mailroom staff about the opening of the envelope containing legal mail, he was told that the envelope had been accidentally placed in the regular mail bag, but had not been opened. (Id. at 5). However, Plaintiff notes in contrast that the response to his grievance - concerning the opening of this one envelope - stated that Plaintiff's mail in question arrived in a bubble envelope which is not allowed, and was not identified as legal mail; therefore, the mail was placed in another envelope and processed as regular mail. (Id. at 9). As such, it appears to be Plaintiff's contention that this discrepancy in reasons indicates that the bubble envelope reasoning is fabricated. (Id.). Regardless of why or how Plaintiff's mail was opened, Plaintiff does not allege anywhere that he was injured in any way by the opening of this one envelope or that there is any type of policy at TSP that directs its staff members to open or censor the legal mail.

---

in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

2

Plaintiff also states that Defendants Ethredge and Burnette deprived him of his rights because in response to his grievance, these Defendants reasoned:

> Mailroom staff states that the mail in question arrived in a bubble wrap envelope, which is not allowed, and was not identified as legal mail. Therefore, it was placed in another envelope and processed as regular mail. This grievance is denied.

(Id.). Plaintiff's complaint against Defendant Fields is similar. (Id.). According to Plaintiff, Defendant Fields is the Unit Manager of the Georgia Department of Corrections Office of Investigations and Compliance of Inmate Affairs and Appeals. (Id.). Plaintiff accuses Defendant Fields of being a "willful participant in joint activity with the state," because Defendant Fields also denied Plaintiff's grievance based on the bubble envelope reasoning. (Id.).

## II. DISCUSSION

### A. Procedures and Grievance Claims

To the extent Plaintiff alleges that his constitutional rights were violated by Defendants Ethredge, Burnette, and Fields because his grievance and appeal were mishandled as to their investigation or otherwise processed in a manner that did not comply with TSP grievance procedures, his claim must fail. "Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation."[3] Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999) (Table); see also Massey v. Helman, 259 F.3d 641,

---

[3]Similarly, to the extent Plaintiff may be asserting a claim that his constitutional rights were violated because the mailroom staff did not follow institutional mail procedures (doc. no. 1, p. 4) his claim fails.

3

647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*) is instructive on this point. In that case, the plaintiff alleged numerous claims, including a violation of "the grievance procedures established by the State Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate judge determined that the "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution." Id. In the end, the magistrate judge determined that none of the plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial court's adoption of the magistrate judge's recommendation regarding the plaintiff's grievance claim. Id.

In this case, Plaintiff merely states that Defendants Ethredge, Burnette, and Fields deprived him of his rights because they denied his grievance based on what Plaintiff apparently believed to be a fabricated reason. However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v.

4

Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp.2d at 731. Therefore, Plaintiff's claims against Defendants Ethredge, Burnette, and Fields regarding an alleged violation of the grievance procedures fails as a matter of law.

**B.   Access to the Courts**

In the event that Plaintiff may be trying to assert a denial of access to the courts claim by asserting that his legal mail had been opened, his claim fails. (Doc. no. 1, pp. 4-6). To state a viable denial of access to the courts claim, a Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an

5

allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Although Plaintiff states that his one envelope containing legal mail had been opened, Plaintiff alleges no facts which demonstrate that he had possibly viable claims that were negatively impacted by the opening of the envelope. Nor does he say that the opening of his mail resulted in a dismissal or any detriment to any case. Moreover, Plaintiff does not claim that he was denied access to legal materials, only that one envelope containing legal mail was opened. As such, Plaintiff's denial of access to the courts claims should be dismissed.[4]

### III. CONCLUSION

As Plaintiff failed to state a claim for violation of the TSP grievance procedure, and Plaintiff failed to state a claim regarding the opening of one envelope containing legal mail,

---

[4]In the event Plaintiff is attempting to assert a First Amendment violation, his claim fails. It is well established that prisoners retain First Amendment rights. Owen v. Willie, 117 F.3d 1235, 1237 (11th Cir. 1997). As the Supreme Court has emphasized, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Id. (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987))). However, the Court has also recognized that "these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Id. (citing Thornburgh, 490 U.S. at 407 (quoting Turner, 482 U.S. at 85, 107 S.Ct. at 2259-60)). Here, Plaintiff has not alleged that it is a TSP prison policy to open legal mail or censor the mail in any way. In fact, Plaintiff admits that it is the prison's policy to refrain from opening legal mail, and that in this one instance, a mistake was made. Thus, Plaintiff's First Amendment rights were not violated.

the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE